IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-01196-RM-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MELISSA MARY GERVELL a/k/a Mary Melissa Gervell,

    Defendant.

---

# ORDER

---

This matter is before the Court on Plaintiff's motion for default judgment (ECF No. 10). After Defendant was served with the complaint and failed to respond, Plaintiff moved for entry of default, and the Clerk of the Court entered default on May 23, 2019 (ECF No. 9). In its current motion, Plaintiff requests entry of default judgment under Fed. R. Civ. P. 55(b)(1). For the reasons given below, the motion is granted.

## I.     LEGAL STANDARD

"[E]ven after entry of default, the Court must decide whether the unchallenged facts create a legitimate basis for entry of a judgment." *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (quotation omitted). Although the Court has discretion to enter default judgment, strong policies favor resolution of disputes on their merits; therefore, it is generally appropriate "only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 1067 (quotation omitted).

## II. BACKGROUND

According to the complaint, Defendant owes two debts to Plaintiff. Count One alleges a debt in the principal amount of $21,688.28, plus interest computed at the applicable note rate in the amount of $14,851.70 as of March 26, 2019, and interest thereafter on this principal at the applicable rate (5.03%) from this date until the date of judgment. Count Two alleges a debt in the principal amount of $4,391.46, plus interest computed at the applicable not rate in the amount of $2,457.82 as of March 26, 2019, and interest thereafter on this principal at the applicable rate (4.23%) from this date until the date of judgment. Plaintiff has made demands for the amounts owed, but they remain unpaid.

## III. ANALYSIS

The Court first finds that the jurisdictional prerequisites for granting default judgment are satisfied in this case. The Court has subject matter jurisdiction over actions brought by the United States. 28 U.S.C. § 1345. In addition, the Court has personal jurisdiction over Colorado residents. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997) ("[T]he plaintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials.").

Next, the Court finds that the well-pleaded allegations in the complaint constitute a legitimate basis for entry of a judgment. The complaint alleges that Defendant executed promissory notes to secure two loans and that she has defaulted on her obligation to repay them. These allegations are supported by the certificates of indebtedness attached to the complaint. The complaint further alleges that Plaintiff has made demand to Defendant for the amounts owed

and that they remain unpaid. The Federal Debt Collection Procedure Act provides the "civil procedures for the United States . . . to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1).

The Court further finds that a default judgment should be entered for the sum certain damages Plaintiff seeks. Plaintiff has provided a declaration of a paralegal specialist as well as the certificates of indebtedness mentioned above to support its claims. The Court concludes Plaintiff is entitled to judgment in its favor.

Finally, the Court finds that costs in the amount of $400 are appropriate under to 28 U.S.C. § 2412(a)(2).

## IV. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's motion for default judgment (ECF No. 10) and ORDERS that the Clerk enter judgment for a sum certain against Defendant as follows:

(A) On Count One, Defendant is indebted to Plaintiff in the sum of $21,688.28 principal, plus $14,851.70 in prejudgment interest, plus interest accruing as of March 26, 2019, at the applicable note rate of 5.03 percent until the date of judgment, and post-judgment interest at the legal rate in effect on the date of entry of judgment, to be compounded annually pursuant to 28 U.S.C. § 1961(b), and

(B) On Count Two, Defendant is indebted to Plaintiff in the sum of $4,391.46 principal, plus $2,457.82 in prejudgment interest, plus interest accruing as of March 26, 2019, at the applicate note rate of 4.23 percent until the date of judgment, and post-judgment interest at the legal rate in effect on the date of entry of judgment, to be compounded annually pursuant to 28 U.S.C. § 1961(b), and

(C)     Plaintiff is entitled to an award of $400 in costs for prosecuting this action, pursuant 28 U.S.C. § 2412(a)(2).

DATED this 29th day of August, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge